IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

SAMANTHA BREIGHNER,
and BRITTANNI WOLFE, individually
and on behalf of others similarly situated,

    Plaintiffs,

v.                                         CIVIL ACTION NO.: 3:16-CV-144
                                                  (GROH)

VIXEN'S, LLC; TABOO GENTLEMEN'S
CLUB, LLC; HENRY E. WORCESTER, III;
HENRY E. WORCESTER, IV; and
CASEY McGEE,

    Defendants.

## ORDER DENYING MOTIONS FOR MORE DEFINITE STATEMENT AND MOTIONS TO SEVER

Currently pending before the Court are motions for a more definite statement and motions to sever by Defendants Henry Worcester, IV, and Casey McGee [ECF Nos. 12, 13]. Both argue that the Plaintiffs' complaint is vague, inaccurate and confusing, and move the court to sever the cause of action against Vixen's, LLC, and Taboo Gentlemen's Club, LLC.

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement of a pleading that "is so vague or ambiguous" that a response cannot reasonably be prepared. In regard to complaints, Rule 12(e) does not require plaintiffs "to state with a high level of specificity the facts upon which [their] claims rely." Magers v. Chesapeake Appalachia, LLC, Civil Action No. 5:12CV49, 2013 WL 1558647,

at *2 (N.D. W. Va. Apr. 10, 2013). Consequently, a motion for a more definite statement should be denied where the requested information can be obtained through discovery. Miller v. Liberty Mut. Ins. Co., Civil Action No. 5:13-CV-64, 2013 WL 12137237, at *3 (N.D. W. Va. July 30, 2013).

The Defendants aver that the times and dates alleged in the complaint are vague. However, the Plaintiffs sufficiently set forth the dates of their employment,[1] and employment dates of any potential class members—if conditional certification arises—can be identified through discovery. Additionally, the Defendants argue that documentation establishing the dates and times of the Plaintiffs' employment and the licensing agreement must be attached to the complaint. In effect, they are requesting evidence in support of the Plaintiffs' claims. Yet, a complaint need only set forth "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the necessary elements. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). Upon review, the complaint in this case satisfies this standard and is not so vague or ambiguous that the Defendants cannot reasonably prepare a response.

The Defendants further move to sever the cause of action against Vixen's and Taboo. In ruling on a motion to sever, courts consider risks of prejudice and possible confusion. Arnold v. E. Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982). Specifically, courts must contemplate

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to

---

[1] The complaint states that Plaintiff Breighner worked as an exotic dancer at Vixen's and Taboo from approximately September 2014 through September 2015 and Plaintiff Wolfe from September 2007 through September 2016.

2

> conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id.  In support of severance, the Defendants state that Vixen's and Taboo are both dissolved and were separate and independent businesses during their operation.  Additionally, they claim that Defendant Worcester, IV, currently resides in Palm Beach, Florida, and Defendant McGee was never a member of Vixen's.  In their complaint, the Plaintiffs allege that Defendants Worcester, IV, and McGee are members of Vixen's and Taboo who, during the Plaintiffs' employment, had "extensive managerial responsibilities and substantial control" over both establishments.  ECF No. 1 at 4.  Furthermore, the complaint articulates that the Plaintiffs worked at Vixen's and Taboo "pursuant to the same or materially similar Entertainment Licensing Agreements and under the same terms and conditions of employment."  ECF No. 1 at 3.  At this stage in the proceedings, based upon the allegations contained within the complaint, the Court finds no apparent prejudice to the Defendants or potential for confusion.  Indeed, the Defendants provide no argument to the contrary.

Accordingly, in light of the aforementioned, the Court **DENIES** the motions for a more definite statement and motions to sever [ECF Nos. 12, 13].

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** February 13, 2017

_____
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE